## DATA GENERAL CORPORATION

v.

**COMPUTERIZED INDUSTRIES, INC. formerly d/b/a Computerized Business Systems, Inc., Donald C. Homel, Individually and d/b/a Computerized Industries, Inc., G & C Enterprises, Inc., and Township of Upper Moreland.**

Civ. A. No. 83–4433.

United States District Court, E.D. Pennsylvania.

Nov. 4, 1983.

**116**

Thomas A. Kuzmick, Philadelphia, Pa., for plaintiff.

Robert M. Berger, Philadelphia, Pa., for defendants Computerized Industries, Inc. and Donald C. Homel.

Samuel Merovitz, Philadelphia, Pa., for defendant G & C Enterprises, Inc.

S. Gerald Corso, Ambler, Pa., for defendant Township of Upper Moreland.

## OPINION

LUONGO, Chief Judge.

In this diversity action, plaintiff Data General Corporation, seeks to recover $33,-191.80 in damages allegedly owing by defendants for "goods sold and delivered by Plaintiff on December 18 and 19, 1981." (Complaint, ¶ 7). Several of the defendants have moved to require plaintiff to furnish a more definite statement of the claim. In addition, defendant G & C Enterprises, Inc. (G & C) has moved to dismiss the complaint for improper venue or to transfer the case to the District of New Jersey. For the following reasons, I will grant the motions for a more definite statement and keep under advisement defendant G & C's motion for dismissal or transfer.

As the defendants' motions point out, plaintiff's complaint alleges simply that plaintiff is entitled to recover $33,191.80 against defendants for goods sold and delivered. No indication is provided with respect to the role of any individual defendant in the alleged transaction. Nor is there any mention in the complaint of the written or oral terms of this presumably contractual arrangement. Without more, plaintiff has not submitted a complaint sufficiently specific to require defendants to file a responsive pleading. Moreover, plaintiff's complaint fails to give notice to the court of the claim sought to be adjudicated. Even under the Federal system of notice pleading, such a complaint is deficient because it fails to provide defendants with fair notice of the claims against them. Fed.R.Civ.P. 8(a); 2A J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 8.13, 8–103 (1983).

The deficiency of the complaint is further illustrated by the motion of G & C Enterprises to dismiss for improper venue or in the alternative to transfer the action to the District of New Jersey. As plaintiff's complaint recognizes, not all defendants are residents of the same state. G & C is a New Jersey corporation, but the other defendants are from Pennsylvania. Thus, because plaintiff is a Massachusetts corporation and not all the defendants are from the same district, venue would be appropriate only in the district in which the cause of action arose or in the district in which the plaintiff resides. 28 U.S.C. § 1391(a). Although it seems likely that the cause of action arose within this judicial district, the present complaint is plainly insufficient to establish that this is the case.

In short, I will grant defendants' motions for a more definite statement. Pending plaintiff's filing of a more specific complaint, I will not take definitive action on defendant G & C's motion to transfer under 28 U.S.C. § 1404(a).